**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 26, 2006[*]
Decided November 1, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1235

| | |
|---|---|
| GARY B. CAMPBELL,<br>    *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 04-C-661 |
| TODD JOHNSON,<br>    *Defendant-Appellee.* | Barbara B. Crabb,<br>*Chief Judge.* |

**O R D E R**

Gary Campbell claimed in this *pro se* lawsuit under 42 U.S.C. § 1983 that Todd Johnson, a deputy sheriff in Wood County, Wisconsin, violated his Fourth Amendment rights by using excessive force during and immediately after his 2004 arrest for a traffic offense.  The district court granted partial summary judgment for Johnson because the undisputed evidence established that the amount of force Johnson used before handcuffing Campbell was reasonable, and a jury later found

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

that the force Johnson employed while putting on the handcuffs and after was likewise reasonable. We affirm.

On March 31, 2004, Campbell was arrested for a traffic violation. That was the only fact not in contention in the trial court. Campbell alleged that authorities pulled him over for driving five miles above the speed limit, and that Johnson dragged him from the car by his right arm after he stopped. Campbell further alleged that Johnson unnecessarily twisted his arm while handcuffing him and then threw him to the ground, rubbing his face into the concrete. For his part, Johnson asserted that he signalled Campbell to stop because he was driving roughly 30 miles over the speed limit. According to Johnson, Campbell led him and other law enforcement officers on a four-mile, high-speed chase and then refused to exit his vehicle when he finally stopped. Johnson admitted that he and another deputy physically removed Campbell from his vehicle, but stressed that they did so without using excessive force.

Before trial, Johnson moved for summary judgment, arguing that the force he used was reasonable as a matter of law. Campbell opposed the motion, noting in his submission that "plaintiff does not dispute . . . the force used before the handcuffs were applied, but the force used after by Deputy Johnson is a question raised by the plaintiff that a jury should decide on." Based on this assertion, Johnson urged the district court to grant his motion as it related to the use of force before the point when Campbell was handcuffed, but the deputy withdrew his motion for summary judgment to the extent that it concerned his use of force in applying the handcuffs and afterward. The district court granted partial summary judgment, reasoning that even construed most favorably to Campbell the undisputed evidence established that Johnson used only reasonable force in removing Campbell from his vehicle. The court also granted Johnson's motions in limine that sought to prohibit Campbell from mentioning the shoulder injury he suffered when pulled from the vehicle, Johnson's decision not to use a taser, or stun gun, to subdue him, and any reference to his race (Campbell is black, and all of the officers involved are white). The case went to trial on the single question whether Johnson used excessive force after Campbell was out of the vehicle. The jury returned a special verdict finding that the force Johnson used while handcuffing Campbell and afterward was not unreasonable under the circumstances.

Having lost at trial, Campbell identifies several issues for appeal, but only two are developed enough to concern us. *See United States v. Turcotte,* 405 F.3d 515, 536 (7th Cir. 2005) ("[U]nsupported and undeveloped arguments are waived."). At the outset we note that Johnson urges us to dismiss the appeal due to Campbell's noncompliance with Federal Rule of Appellate Procedure 28(a). In relevant part, Rule 28(a) requires the appellant to include a statement of facts and an argument. Campbell's brief is borderline, but we discern two arguments sufficiently developed

for review. *Cf. Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (explaining that dismissal is appropriate where appellant offers no articulable basis for disturbing district court's judgment).

Campbell first argues that the district court erred when it granted partial summary judgment concerning the use of force before he was handcuffed. Summary judgment is appropriate if the moving party demonstrates "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Allen v. Martin*, 460 F.3d 939, 943 (7th Cir. 2005). We review the district court's grant of summary judgment de novo. *Thornton v. Snyder*, 428 F.3d 690, 693 (7th Cir. 2005). In granting summary judgment, the district court wrote that both parties agreed that a high-speed chase preceded the arrest and that Campbell failed to stop and exit his vehicle when ordered. This statement was incorrect. Campbell's version was that he drove only five miles above the speed limit and that he complied with the instructions given by Johnson and other officers. Nonetheless, in his opposition to Johnson's motion, Campbell explicitly conceded that he did not challenge the use of force before he was handcuffed. Because Campbell conceded the issue, the district court properly granted summary judgment as to the force used before he was handcuffed. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 943-44 (7th Cir. 2005); *Goldstein v. Fid. & Guar. Ins. Underwriters, Inc.*, 86 F.3d 749, 750-51 (7th Cir. 1996).

Campbell also argues that the district court erred in granting Johnson's motions in limine. We review a district court's evidentiary rulings for an abuse of discretion and afford the court great deference. *Tober v. Graco Children's Prods.*, 431 F.3d 572, 576 (7th Cir. 2005). In this case, our review has been hampered by Campbell's failure to provide us with a transcript that establishes the district court's reasons for granting the motions in limine. *See* Fed. R. App. P. 10(b)(2); *LaFollette v. Savage*, 63 F.3d 540, 544 (7th Cir. 1995).

On the basis of the present record, we conclude that the court did not abuse its discretion by granting the motions in limine relating to the force used before Campbell was handcuffed, his shoulder injury, and the taser. As we discussed earlier, Campbell chose not to dispute the reasonableness of the force used before he was handcuffed, so evidence on that subject was not relevant. Campbell's concession about the initial use of force also made his shoulder injury irrelevant; the injury occurred when Johnson pulled him from the vehicle—before he was handcuffed—so it had no bearing on the later use of force the jury was called upon to evaluate. As to the fact that Campbell was not immobilized with a taser, Campbell sought to argue that Johnson's failure to use that weapon evidenced that he was not resisting and thus the physical force used to handcuff him was unnecessary. The district court presumably reasoned that evidence concerning

Johnson's decision not to use a taser was irrelevant, and we cannot say that the court abused its discretion. That Johnson did not employ even greater force does not shed light on whether the force he did use was unreasonable. *See, e.g., Morfin v. City of E. Chi.*, 349 F.3d 989, 1004 (7th Cir. 2003) (noting that determination of whether force used was unreasonable requires balancing various interests). Finally, because Campbell has not provided us with a transcript of the district court's rulings, we cannot evaluate whether the court abused its discretion by granting the motion in limine regarding his race. Campbell apparently planned to testify that he heard racial slurs during the encounter, but without seeing the district court's explanation for excluding that evidence, we could not conclude that the ruling was erroneous.

AFFIRMED.